# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3994 | **DATE** | 10/14/2011 |
| **CASE TITLE** | Apps Communication, Inc vs. Hartford Casualty Ins Co | | |

**DOCKET ENTRY TEXT**

The Court grants Defendant's motion to dismiss [10], and dismisses the Complaint, without prejudice. Plaintiff may file an amended complaint, if at all, by 11/4/11. Status hearing set for 10/25/11 is stricken and reset to 11/8/11 at 8:30 a.m.

■[ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

    Before the Court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the Court grants Defendant's motion, and dismisses the Complaint, without prejudice.

### BACKGROUND

    In this case, Plaintiff Apps Communications, Inc., an Illinois corporation with its principal place of business in Illinois, alleges that Defendant Hartford Casualty Insurance Company, an Indiana corporation with its principal place of business in Connecticut, breached an insurance contract between the parties. Plaintiff pleads the following facts.

    Defendant issued a first-party insurance policy ("Policy") to Plaintiff, providing coverage from August 25, 2008 to August 25, 2009. (R. 1, Compl. ¶ 6 & Ex. 1.) The Policy's Special Property Coverage Form ("Property Form") provides coverage for "direct physical loss of or physical damage to Covered Property . . . caused by or resulting from a Covered Cause of Loss." (*Id.*, Ex. 1, Property Form § A.) The Property Form states that "Covered Property" excludes, among other things, the following:

> "Data" and "software" which exists on electronic "media" including the cost to research, replace or restore them, except as may be provided for in any additional Coverages or Optional Coverages.

(*Id.* § A(2)(i).)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

The Policy includes four endorsements of particular relevance: the (1) Actual Loss Sustained Business Income & Extra Expense – Specified Limit Coverage Endorsement ("Business Income Endorsement"); (2) Computers and Media Endorsement ("Media Endorsement"); (3) Super Stretch for Technology and Software Service Providers Endorsement ("Super Stretch Endorsement"); and (4) Employee Dishonesty Endorsement ("Dishonesty Endorsement"). The Policy, together with each of the endorsements, is annexed to the Complaint as Exhibit 1. (R. 1, Compl., Ex. 1.)

The current dispute arises out of alleged losses that Plaintiff incurred on or about May 15, 2009 and June 8, 2009. (*Id.* ¶¶ 11-17.) The Complaint alleges that a "computer virus was introduced" that "deleted, damaged or disrupted" more than 1,000 files on Plaintiff's computer system (*id.* ¶¶ 11-12), and "caused files and libraries to be deleted, damaged or disrupted from a workstation and back-up servers" (*id.* ¶¶ 15-17), in addition to generally disrupting Plaintiff's business operations. (*Id.* ¶ 17.) The Complaint alleges in the "alternative" that "dishonest acts committed by [Plaintiff's] employees" caused the loss. (*Id.* ¶ 89.)

Plaintiff "provided timely notice" of the alleged losses to Defendant, which thereafter denied coverage. (*Id.* ¶¶ 14, 18-22; *see also id.*, Exs. 2-4 (correspondence between the parties).) On May 13, 2011, Plaintiff filed a seven-count state court complaint against Defendant, seeking declaratory and monetary relief on claims of breach of contract and bad faith denial of coverage.

Defendant timely removed the action to this Court pursuant to 28 U.S.C. § 1441(a), and on July 13, 2011, prior to filing an answer, moved to dismiss the Complaint in its entirety under Rule 12(b)(6) for failure to state a claim.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (internal quotation and citation omitted).

Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Seventh Circuit has explained, this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities[.]" *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002)). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)).

Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ––– U.S.–––, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed.2d 1081 (2007); *Vance v. Rumsfeld*, 653 F.3d 591, 2011 WL 3437511, at *7-8 (7th Cir. Aug. 8, 2011) (stating that courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor in a Rule 12(b)(6) proceeding).

## ANALYSIS

I. **Sufficiency of the Complaint**

Defendant moves to dismiss the Complaint in its entirety, arguing that "Plaintiff is not entitled to coverage under any provision of or endorsement to the Policy." (R. 11, Def.'s Mot. at 2.) As an initial matter, the Court

observes that the Policy excludes from coverage any loss or damage to "data and software . . . except as may be provided for in any additional Coverages of Optional Coverages." (R. 1, Compl., Ex. A, Property Form § A(2)(i).) For this reason, as the parties recognize, whether Plaintiff's loss of or damage to its electronic data and software is covered by the insurance agreement turns on the nature of the various endorsements to the Policy.

### A. Count II (Breach of the Media Endorsement)

In Count II, Plaintiff alleges that Defendant breached the Media Endorsement, which provides coverage for "direct physical loss of or physical damage[] to 'computer equipment.'" (*Id.*, Ex. A, Media Endorsement § A(1).) Although the Media Endorsement excludes "'data' or 'software'" from the definition of "computer equipment," it extends coverage to "[d]amage caused by a 'computer virus.'" (*Id.* § A(4).) Additionally, the Media Endorsement covers the cost "to research, replace or restore physical loss of physically damaged 'data' or 'software,'" if the loss is caused by, among other things, "[l]oss of or damage to 'data' or 'software' caused by a 'computer virus.'" (*Id.* § B(2)(c).) The Media Endorsement, however, excludes from coverage "any loss or damage caused by or resulting from . . . [d]ishonest or criminal acts by you, any of your partners, employees, . . . or anyone to whom you entrust the property for any purpose . . . ." (*Id.* § E(2)(j).)

Defendant argues that Plaintiff has failed to allege any cause of Plaintiff's loss other than employee dishonesty, and as such, has not stated a claim for breach of the Media Endorsement. The Court agrees. Viewing the Complaint in the light most favorable to Plaintiff, the only plausible inference is that Plaintiff's loss was the result of its own employees' dishonest or criminal acts. Although the Complaint alleges that a "virus was introduced" into Plaintiff's computer system, the Complaint fails to identify *who* or *what* introduced the virus. *See, e.g.*, *Center for Bio-Ethical Reform, Inc. v. Holder*, 648 F.3d 365, 373 n.3 (6th Cir. 2011) (suggesting that use of the passive voice may cast doubt on the plausibility of factual allegations for purposes of stating a claim) (citing *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002) (noting that excessive use of the passive voice in pleadings leads to "unnecessary confusion and obfuscation")). The only allegation in the Complaint as to the identity of the actor who "introduced" the computer virus is contained in Paragraph 89, which alleges "[i]n the alternative [that Plaintiff] sustained a loss as a result of dishonest acts committed by its employees." (R. 1, Compl. ¶ 89.)

In the absence of any other factual allegation about who or what introduced the virus, including whether a non-employee may have introduced the virus, or the nature of the virus itself, the Complaint lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

Accordingly, the Court grants Defendant's motion to dismiss as to Count II.

### B. Count III (Breach of the Super Stretch Endorsement)

In Count III, Plaintiff alleges that Defendant breached the Super Stretch Endorsement, which provides additional coverage "subject to the provisions" of the Media Endorsement. (R. 1, Compl., Ex. 1, Super Stretch Endorsement § A(1)(b).) Because the Super Stretch Endorsement conditions coverage on the Media Endorsement, Plaintiff's claim for breach of the Super Stretch Endorsement fails for the same reason that dooms Plaintiff's claim for breach of the Media Endorsement.

Accordingly, the Court grants Defendant's motion to dismiss as to Count III.

### C. Count IV (Breach of the Business Income Endorsement)

In Count IV, Plaintiff alleges that Defendant breached the Business Income Endorsement, which modifies the Property Form and provides as follows:

> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or physical damage to property at the "scheduled premises". . . caused by or resulting from a Covered Cause of Loss."

(*Id.*, Ex. 1, Business Income Endorsement § 1.) Although Plaintiff alleges loss to business income, Plaintiff fails

to make any plausible allegation that the loss "[was] caused by direct physical loss of or physical damage to property." (*Id.*) The only loss that Plaintiff identifies is that of electronic data, and Plaintiff makes no argument, in either the Complaint or the its response to the motion to dismiss, that the loss of electronic data, an intangible asset, would qualify as "direct physical loss [] or physical damage." Moreover, even if Plaintiff incurred a "direct physical loss of or physical damage to" property, Plaintiff has failed to plausibly allege that such property is covered by the Policy, which excludes "data and software" from coverage. (R. 1, Compl., Ex. A, Property Form § A(2)(I).) Plaintiff's remaining allegations amount to a mere recitation of the Policy language, devoid of any factual enhancement, and therefore lacking in plausibility.

Accordingly, the Court grants Defendant's motion to dismiss as to Count IV.

### D.     Count V (Breach of the Dishonesty Endorsement)

In Count V, Plaintiff alleges that Defendant breached the Dishonesty Endorsement, which provides as follows in relevant part:

> **Coverage**
> We will pay for loss of, and loss from damage to, Covered Property resulting directly from the Covered Causes of Loss.
> **Covered Property**
> Covered Property means "money," "securities", and other tangible property of intrinsic value and not otherwise excluded.

(*Id.*, Dishonesty Endorsement § A(1).)

Defendant does not dispute that "Plaintiff's alleged losses are the result of dishonest acts by its employees," but argues that "they are not the kind of losses covered by the Dishonesty Endorsement." (R. 11, Def.'s Mot. at 11.) Indeed, as Defendant notes, the Employee Dishonesty provision is specific: coverage extends only to money, securities, and tangible property. Plaintiff makes no plausible allegation of loss or damage to property that would fall within any of these enumerated categories. For this reason, and in the absence of any argument to the contrary by Plaintiff, Plaintiff has failed to state a claim for breach of the Dishonesty Endorsement.

Accordingly, the Court grants Defendant's motion to dismiss as to Count V.

### E.     Remaining Counts (Counts I, VI, and VII)

The remaining counts in the Complaint likewise fail. In Count I, Plaintiff seeks a declaration that the Policy covers the losses suffered by Plaintiff. In Count VI, Plaintiff alleges that Defendant breached the insurance agreement generally. And in Count VII, Plaintiff alleges that Defendant's denial of coverage was in bad faith. But in these claims, Plaintiff fails to allege or identify any new contractual basis for its claims, including any provisions of the Policy that Defendant may have breached. As a result, having concluded above that the Complaint otherwise fails to state a claim for breach of the insurance agreement, the Court dismisses these remaining counts as well.

Accordingly, the Court grants Defendant's motion to dismiss as to Counts I, VI, and VII.

## II.     Leave to Amend

Although the Complaint fails to state a claim, the Court, in the interests of justice, grants Plaintiff leave to file an amended complaint within 21 days.

## CONCLUSION

For the reasons explained above, the Court grants Defendant's motion to dismiss, and dismisses the Complaint, without prejudice.